UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
JOSEPH ESPOSITO, *individually and on behalf of all* :
*others similarly situated*, :
:
                         Plaintiff, :      22-cv-7937 (LJL)
:
         -v- :      MEMORANDUM AND
:              ORDER
TIPRANKS, LTD., :
:
                        Defendant. :
:
-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendant TipRanks, Ltd. ("Defendant") moves, pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(3), and 12(b)(6), to dismiss the complaint. Dkt. No. 17. Alternatively, Defendant moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment. *Id.* For the following reasons, the motion to dismiss is granted.

## BACKGROUND

      Plaintiff commenced this suit by filing a complaint against Defendant—an Israeli digital media company based in Tel Aviv—on September 16, 2022, claiming that Defendant violated the Video Privacy Protection Act, 18 U.S.C. § 2710, by knowingly disclosing its users' personal viewing information to third-party Meta Platforms, Inc. Dkt. No. 1 (the "Complaint"). Plaintiff brought his claim on behalf of a putative class of Defendant's digital subscribers. *Id.* ¶ 50. On September 19, 2022, the Clerk of Court issued a summons for Defendant with an address provided by Plaintiff: 56 Mazeh, Tel Aviv, Israel. Dkt. No. 4.

      Initially, Plaintiff retained ABC Legal, an international process server, to effect service of the Complaint and summons on Defendant. *See* Dkt. No. 9 at 1. Pursuant to the 1965 Hague

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention" or "Convention"), ABC Legal sent the Complaint and summons to the Legal Assistance to Foreign Countries office within Israel's Administration of Courts in Jerusalem (the "Central Authority"), Dkt. No. 9-1 at ECF p. 6.  ABC Legal's request to the Central Authority stated that Defendant's address was "Maze St 56, Tel Aviv-Yafo, Israel."  *Id.*  The Central Authority received ABC Legal's request on October 18, 2022.  *Id.*  However, upon attempting to deliver the Complaint and summons to Defendant at the address ABC Legal provided, the Central Authority found that Defendant was no longer located there.  *See id.* at ECF p. 4.  The Central Authority then mailed ABC Legal a letter explaining that the "request for the Service of Document could not be executed" because "[t]he recipient has moved to an unknown address." *Id.* at ECF p. 3.  ABC Legal forwarded the Central Authority's response to Plaintiff's counsel. *Id.* at ECF p. 2.

Although Plaintiff sought to locate the original paperwork and contact Defendant's attorneys in the United States to effect service, those efforts also proved unsuccessful.  Dkt. No. 11 at 1–2.  As the ninety-day deadline for service under Federal Rule of Civil Procedure 4(m) had elapsed, Plaintiff moved on January 30, 2023 for an extension of the time to serve Defendant until March 31, 2023.  Dkt. No. 9.  Plaintiff's motion described his prior efforts to serve Defendant and explained they were to no avail.  *Id.* at 1.  However, Plaintiff stated that he had "recently identified counsel in Israel that [he was] prepared to retain to serve the complaint on [his] behalf provided the Court grants [him] additional time to serve the Complaint."  *Id.*

On January 31, 2023, the Court issued a Memorandum and Order on Plaintiff's motion for an extension.  Dkt. No. 11.  The Court observed that Rule 4(m)'s deadline does not apply to

2

service on a corporation outside the United States, as long as the plaintiff has exercised due diligence in attempting to serve the defendant in a foreign country. *Id.* at 1. Based on Plaintiff's past efforts to serve Defendant and his representation that he would retain Israeli counsel to effectuate service on Plaintiff's behalf, the Court ruled that "both the efforts made by Plaintiff to date and those [he] plans to make are reasonable." *Id.* at 2. Thus, the Court granted the requested extension. *Id.*

Plaintiff filed a proof of service and accompanying affidavit on March 9, 2023. Dkt. No. 14. In the affidavit, Plaintiff's Israeli counsel attested that he had received the relevant legal documents on February 7, 2023, to be served on Defendant. *Id.* at 1. But the affidavit stated that Defendant was to be served at "2 Weizmann, Tel Aviv-Yafo," *id.*—a different address than the one the Central Authority had used. Additionally, Plaintiff's Israeli counsel explained that he had personally served Defendant by providing the Complaint and summons to Defendant's Chief Operating Officer ("COO") at the 2 Weizmann address. *Id.* at 1; *see also id.* at 3 ("I personally served the summons on the individual at 2 Weizmann, Tel Aviv-Yafo.").

On April 19, 2023, Defendant filed the instant motion to dismiss or, alternatively, for summary judgment. Dkt. No. 17. Defendant also filed an accompanying memorandum of law, Dkt. No. 18, declaration, Dkt. No. 19, and statement of facts pursuant to S.D.N.Y. Local Rule 56.1, Dkt. No. 23. Plaintiff opposed the motion on May 17, 2023 by filing a memorandum of law and declaration. Dkt. Nos. 26–27. Defendant then filed a reply memorandum of law and two affidavits on May 31, 2023. Dkt. Nos. 30–32. With leave of the Court, Dkt. No. 37, Defendant filed a supplemental memorandum of law on September 8, 2023, Dkt. No. 38. And on November 30, 2023, Defendant filed a letter alerting the Court to a recent Second Circuit decision on issues related to Defendant's motion. Dkt. No. 39.

## DISCUSSION

Defendant argues that Plaintiff's Complaint must be dismissed on several independent grounds, Dkt. No. 17, but the Court begins with the "threshold issue" of whether Plaintiff properly served Defendant, *Astor Chocolate Corp. v. Elite Gold Ltd.*, 2020 WL 2130680, at *11 (S.D.N.Y. May 5, 2020); *see Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petrol. Corp.*, 40 F.4th 56, 68–69 (2d Cir. 2022) ("Before a district court may lawfully exercise personal jurisdiction over a party the plaintiff's service of process upon the defendant must have been procedurally proper." (cleaned up)). "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Militinska-Lake v. Kirnon*, 2023 WL 7648511, at *1 (2d Cir. Nov. 15, 2023) (summary order) (quoting *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)).

Defendant contends that service was insufficient because Plaintiff failed to serve Defendant through Israel's Central Authority in conformity with the Hague Convention and instead personally served Defendant, a method that "has been specifically objected to by the State of Israel." Dkt. No. 18 at 4. In response, Plaintiff emphasizes that it attempted to serve Defendant through Israel's Central Authority but that those efforts "bore no fruit." Dkt. No. 26 at 3. Plaintiff also argues that it served Defendant in compliance with the Court's prior Memorandum and Order. *Id.* at 3–4.

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Federal Rule of Civil Procedure 4(h)(2) permits a plaintiff to serve a corporate defendant outside the United States "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Rule 4(f) in turn authorizes service abroad: "(1) by any internationally agreed means of service that is

4

reasonably calculated to give notice, such as those authorized by the Hague Convention;" "(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice;" or "(3) by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).  "The Rule does not impose any order of priority among the three subsections." *Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020).  Accordingly, the Court addresses the subsections seriatim.

To satisfy Rule 4(f)(1), Plaintiff's service of Defendant needed to comply with the Hague Convention.  *See Treeline Inv. Partners, LP v. Koren*, 2007 WL 1933860, at *5 (S.D.N.Y. July 3, 2007) ("Since Israel and the United States are both signatories to the Hague Service Convention, service of process on a defendant in Israel is governed by the convention." (citation omitted)).  The Convention exempts a party from complying with its terms "where the address of the person to be served with the document is not known." Hague Convention, Art. 1.  "Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Ctr. Way Co. Ltd. v. Ningbo Wolfthon Tech. Co.*, 2022 WL 19003380, at *1 (S.D.N.Y. Nov. 9, 2022) (quoting *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018)).  After Plaintiff's initial attempts to serve Defendant proved unavailing, Plaintiff retained an attorney in Israel to locate and serve the Defendant.  *See* Dkt. No. 14.  Plaintiff's retention of local counsel to search for Defendant's address was reasonably diligent.  *See Kelly Toys Holdings, LLC. v. Top Dep't Store*, 2022 WL 3701216, at *7 (S.D.N.Y. Aug. 26, 2022); *see also BP Prod. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 264 (E.D. Va. 2005).  But Plaintiff is not exempt from the Hague Convention because his efforts were

ultimately successful. *See Kaws Inc. v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to Complaint*, 2022 WL 17404520, at *2 (S.D.N.Y. Dec. 2, 2022) ("[B]ecause Plaintiff has successfully identified the physical location of these Defendants, the Hague Convention clearly applies."). Indeed, the hope that a plaintiff will uncover a foreign defendant's address—and thus be able to comply with the Convention—is the *raison d'être* of the reasonable diligence requirement. Permitting a plaintiff who locates a foreign defendant to then flout the Convention would render that requirement an "idle formality." *United States v. Fairall*, 16 F.2d 328, 328 (S.D.N.Y. 1926) (Hand, J.). Comity and common sense dictate otherwise.

The personal service of Defendant, via its COO, did not comport with the Hague Convention. "Under the Hague Convention, service through a country's Central Authority is the primary method of service." *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 342 (E.D.N.Y. 2021). Yet "Article 10 of the Hague Convention permits alternatives to the Central Authority for service of process." *Ferrostaal, Inc. v. Yardim*, 2006 WL 2819585, at *2 (S.D.N.Y. Sept. 29, 2006). Specifically, Article 10(c) states: "Provided the State of destination does not object, the present Convention shall not interfere with . . . the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination." Hague Convention, Art. 10(c). When Israel entered into the Hague Convention, however, it objected to Article 10(c) and declared that it would instead "effect the service of judicial documents only through the Directorate of Courts, and only where an application for such service emanates from a judicial authority or from the diplomatic or consular representation of a Contracting State." *Declaration/Reservation/ Notification*, Hague Conf. on Priv. Int'l L.,

https://www.hcch.net/en/notifications/?csid=405&disp=resdn (last accessed Jan. 4, 2024). Consequently, Israel forbids "personal service directly upon its citizens under Article 10(c) of the Hague Convention." *Honig v. Cardis Enters. Int'l N.V.*, 2016 WL 6304695, at *7 (E.D.N.Y. Oct. 27, 2016); *see also Doe I v. State of Israel*, 400 F. Supp. 2d 86, 103 (D.D.C. 2005); *Friedman v. Israel Labour Party*, 1997 WL 379181, at *3 (E.D. Pa. July 2, 1997). As Plaintiff served Defendant in a manner that Israel has explicitly rejected, service of process was contrary to the Hague Convention. *See Meehan v. VIPKid*, 2023 WL 7001363, at *11 (E.D.N.Y. Aug. 29, 2023); *AMTO, LLC v. Bedford Asset Mgmt., LLC*, 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015). Thus, the service of process did not satisfy Federal Rule of Civil Procedure 4(f)(1).

Nor can Plaintiff rely on Rule 4(f)(2). That provision allows plaintiffs to use several enumerated methods of service "if there is no internationally agreed means, or if an international agreement allows but does not specify other means." Fed. R. Civ. P. 4(f)(2). "Here, there is an internationally agreed upon means—the Hague Convention spells out specific methods that could have been used to serve Defendant[]." *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1397 (S.D.N.Y. 2022). And the Convention does not permit, yet merely fail to specify, whether personal service is permitted. *See Moonbug Ent. Ltd. v. www.blippimerch.com*, 2023 WL 2730107, at *4 (S.D.N.Y. Mar. 28, 2023). Rather, the Convention included personal service in Article 10(c), but Israel specifically objected to it. *See Honig*, 2016 WL 6304695, at *7; *Doe I*, 400 F. Supp. 2d at 103. As a result, personal service of a defendant in Israel is "not a permitted method of service under the Hague Convention, and therefore cannot be used to satisfy Rule 4(f)(2)[]." *Zanghi v. Ritella*, 2020 WL 589409, at *5 (S.D.N.Y. Feb. 5, 2020). Moreover, even if personal service in Israel were consistent with the Hague Convention, the service of process here was still improper under Rule 4. Because Defendant is a company, Rule 4(h)

7

permits service abroad "in any manner prescribed by Rule 4(f) for serving an individual, *except personal delivery under (f)(2)(C)(i)*." Fed. R. Civ. P. 4(h)(2) (emphasis added); *cf.* Fed. R. Civ. P. 4(f)(2)(C)(i) (permitting service on an individual abroad by "delivering a copy of the summons and of the complaint to the individual personally"). As "personal service of foreign companies [pursuant to Rule 4(f)(2)] is prohibited under Rule 4(h)(2)," *Convergen Energy LLC*, 2020 WL 4038353, at *10 (S.D.N.Y. July 17, 2020), Rule 4(f)(2) provides no support for the service of process here.

Rule 4(f)(3) is equally inapplicable. Under Rule 4(f)(3), a plaintiff may serve a defendant abroad "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." *Shen*, 2018 WL 4757939, at *5 (quoting *Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005)). Plaintiff satisfies neither requirement. First, Plaintiff argues he effectuated service pursuant to the Court's prior Memorandum and Order, Dkt. No. 26 at 3, but that Order merely granted Plaintiff an extension of the deadline to serve Defendant, Dkt. No. 11. While Plaintiff's motion for an extension stated that he had identified counsel in Israel to serve the Complaint on Defendant, Dkt. No. 9 at 2, the motion did not specify *how* Israeli counsel would effectuate service. The Court could not authorize a method of service Plaintiff never proposed. *See Icon DE Holdings LLC v. Eastside Distributors*, 2015 WL 4557278, at *2 (S.D.N.Y. July 28, 2015) ("[Plaintiff] did not request that the Court order—and the Court did not order—service in a particular manner."). Second, "service by a method that is prohibited by international agreement is impermissible under Rule 4(f)(3)." *Smart Study Co.*, 620 F. Supp. 3d at 1392. Because Israel has objected to personal service of defendants within its borders, doing so is

8

contrary to the Convention and thus improper under Rule 4(f)(3).  *See Honig*, 2016 WL 6304695, at *7.

In sum, Plaintiff has not met his burden of establishing that the personal service of Defendant in Israel comported with Federal Rule of Civil Procedure 4.  Accordingly, the Court must dismiss the Complaint for insufficient service of process.

## CONCLUSION

Defendant's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(5), for insufficient service of process is GRANTED.  The Complaint is dismissed "without prejudice to refiling," *Olusi v. Keisler*, 2008 WL 3539891, at *2 (S.D.N.Y. Aug. 13, 2008) (Chin, J.), and "properly serving" Defendant, *Baliga ex rel. Link Motion Inc. v. Link Motion Inc.*, 385 F. Supp. 3d 212, 219 (S.D.N.Y. 2019).

The Clerk of Court is respectfully directed to close Dkt. No. 17.

SO ORDERED.

Dated: January 4, 2024
       New York, New York

_____
       LEWIS J. LIMAN
       United States District Judge